UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JEREMY ALLEN KANE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:17-CV-2317 SNLJ |
|  | ) |  |
| ZACH JACOBSEN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $40.78, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Although the Court will grant plaintiff's motion to proceed in forma pauperis, it will require plaintiff to file an amended complaint on a court-form.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff, an inmate at Washington County Jail, brings this civil rights action against the following defendants in both their individual and official capacities: Zach Jacobsen, Sheriff of Washington County; Amanda Randazzo, Deputy; Steven Rion, Chief of Custody, Washington County Jail; Shannon Thompson, Washington County Jail Administrator; Zach Peery, Deputy; Myra Jordan, Correctional Officer; and Lacey Falter, Correctional Officer.

As to defendants Peery, Jordan, and Falter, plaintiff states these defendants denied him medical treatment "after being jumped in B-tank" on January 4, 2017. Plaintiff states that he requested medical treatment, and these defendants placed him in holding tank 105 where he caught a staph infection. Plaintiff states he "brought to their attention the unsanitary living conditions with the black mold and the jail being overcrowded," but defendants stated there was nothing they could do about it.

As to defendants Jacobsen, Rion, Thompson, and Randazzo, plaintiff states he "brought it to their attention about the black mold and overcrowding numerous times," and has asked to be moved to a different part of the facility. Plaintiff states these defendants have refused to move him. Plaintiff states he suffers from headaches; irritation of his eyes, nose, and throat; body aches; severe allergies; and he "feels drained every day." For damages, plaintiff seeks $500,000.00.

**Discussion**

To state an Eighth Amendment claim for failure to provide medical care, plaintiff must first state that (1) he suffered from an objectively serious medical need and (2) defendants knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). The Court has no information from which it could infer that plaintiff suffered from an objectively serious medical need. He states only that defendants Peery, Jordan, and Falter "denied me medical treatment after being jumped in B-tank." Plaintiff has not alleged any injury, and has not alleged an objectively serious medical need. He alleges only that he sought medical treatment. Plaintiff has not alleged enough facts from which the Court could find he suffered from an objectively serious medical need, and therefore his claim does not survive initial review under 28 U.S.C. § 19156(e)(2)(B).

As to plaintiff's claim of black mold and overcrowding, to state a claim for unconstitutional conditions of confinement under the Eighth Amendment, plaintiff must show that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. *See Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010). The plaintiff must demonstrate the he suffered "extreme deprivations," meaning that he was denied the "minimal civilized measure of life's necessities." *Id.* Overcrowding alone does not describe a constitutional violation. *See Patchette v. Nix*, 952 F.2d 158, 163 (8th Cir. 1991). Overcrowding that leads to increased danger, poor supervision, safety, medical care and food preparation, however, can violate the Eighth Amendment. *See Cody v. Hillard*, 799 F.2d 477, 450 (8th Cir. 1986), *on reh'g*, 830 F.2d 912 (8th Cir. 1987) (citing cases).

Plaintiff's complaint states only that he was exposed to black mold and overcrowding. He does not detail the extent of the mold problem, stating only that black mold exists in the jail.

*See, e.g.*, *May v. United States*, No. 2:12-CV-19 JTK, 2012 WL 12874272, *2-3 (E.D. Ark. Jul. 2, 2012), *aff'd*, 501 F. App'x 597 (8th Cir. 2013) (denying summary judgment where plaintiff did not show in what manner and to what extent he was exposed to mold or that his medical issues were caused by mold exposure). Additionally, although he states he suffers from headaches, irritations, aches, and allergies, he does not allege these conditions were caused by the mold. Nor does he allege his staph infection was caused by the mold. *Id*. Plaintiff also does not state the extent of the overcrowding, and has not alleged that it has led to any increased danger, poor supervision, safety issues, or poor medical care. *See Cody*, 799 F.2d at 450. Construed liberally, plaintiff's allegations regarding unconstitutional conditions of confinement do not survive initial review under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding pro se, the Court will provide him an opportunity to amend his allegations. Plaintiff shall have twenty-one (21) days from the date of this Memorandum and Order to file his amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). As a result, plaintiff must name each defendant in the caption of the complaint. Additionally, he must state exactly what each defendant did, or failed to do, which violated his rights. Failure to do so risks dismissal of one or all of the defendants. If plaintiff does not file an amended complaint within twenty-one days of the date of this Memorandum and Order, this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $40.78 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a blank complaint form for the filing of a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 5th day of February, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).